UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| STEVEN WILLIAMS, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:23-cv-214-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| G. SWANEY, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Steven Williams, Jr., is a federal inmate at the Federal Correctional Institution-Manchester ("FCI-Manchester") in Manchester, Kentucky. Proceeding without counsel, Williams has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 wherein he claims that his federal sentence is being improperly calculated. [*See* R. 1.] The Warden has responded to Williams's claims [R. 10], and Williams has filed a reply brief. [R. 13.] Thus, this matter is ripe for the Court's initial screening pursuant to 28 U.S.C. § 2243. *See, e.g., Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1] Despite the leniency afforded a *pro se* petitioner, the Court must **DENY** Williams's claims.

In his petition, Williams contends that at least six months of time he spent in pretrial detention has not been properly credited to his federal sentence. [R. 1 at 7.] However, a review of the record in this matter and Williams's criminal case reveals that his sentence is being correctly calculated by the Federal Bureau of Prisons ("BOP").

---

[1] Upon this preliminary screening, a petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

A defendant's criminal sentence generally begins to run on the date the defendant arrives at the official detention facility where the sentence is to be served. *See* 18 U.S.C. § 3585(a). If a defendant is incarcerated prior to the date he arrives at the official detention facility, such as during the pretrial period, he will be given credit for that prior time towards his federal sentence only if the time "has not been credited against another sentence." 18 U.S.C. § 3585(b). This provision applies to Williams's situation, even though he correctly recalls that he was sentenced in his federal case before being sentenced in Indiana state court months later.

On September 13, 2019, Williams was arrested on various drug and firearm charges and began serving time in Indiana state custody.[2] Three days later, Williams was charged with violating the terms of his probation in a prior Indiana case.[3] On October 17, 2019, a federal grand jury returned an indictment against Williams and a warrant was issued for his arrest. *See United States v. Williams*, Case No. 1:19-CR-00330-JRS-KMB (S.D. Ind. 2019). A week after that, the new state charges against Williams were dismissed. However, Williams remained in the primary custody of state authorities pending the disposition of the parole violation for his prior state case. [*See* R. 10 at 2; R. 10-3; R. 10-4.]

On June 30, 2022, Williams was transferred from Indiana authorities to federal authorities on a writ of habeas corpus *ad prosequendum*. [R. 10-7.] Williams remained in federal custody leading up to September 16, 2022, the date his federal judgment was entered, and on October 3, 2022, Williams was returned to the custody of Indiana authorities to wait on the resolution of the state probation violation. [R. 10 at 2-3; R. 10-8.]

---

[2] These charges were docketed as Case No. 49G21-1909-036466 in the Marion County Superior Court, Division 21.
[3] *See* Case No. 49G20-1710-F3-038878 in the Marion County Superior Court, Division 20.


The state case was finally resolved on December 29, 2022. On that date, Williams's probation was revoked, and he was sentenced to 1,825 days of confinement. Further, the record reflects that all of the time Williams spent in state and federal custody leading up to that date was credited towards the 1,825 days of confinement.[4]  [R. 10 at 3; R. 10-10.]  Thus, Williams did not begin receiving credit for his federal sentence until December 30, 2022, when he was released by state authorities after the completion of his state probation revocation proceedings and taken back into federal custody for the second time.

Williams suggests he should have begun earning time towards his federal sentence as soon as he was taken into federal custody, but that time was applied against his state probation revocation. As the Sixth Circuit Court of Appeals explained in a similar situation,

> Because [the defendant] received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence. If [the defendant] were credited for this time against his current federal sentence, he would receive improper double credit.

*Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) (citing 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)). Likewise, Williams received state credit for the time spent in custody leading up to his December 29, 2022, state sentence, and he may not receive credit for that time twice.

Having thoroughly reviewed the record, the Court concludes the BOP is appropriately calculating Williams's sentence. Accordingly, the Court **ORDERS** as follows:

1. Williams's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**. *See* 28 U.S.C. § 2243;

2. This matter is **STRICKEN** from the Court's docket; and

---

[4] Specifically, Williams was credited with 1,369 days of time served and 456 days of good time credit. [R. 10-10.]

3. Judgment will be entered contemporaneously herewith.

This the 2d day of May, 2024.

Gregory F. Van Tatenhove
United States District Judge